AO 245B(Rev. 02/16) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
Southern District of Indiana

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 3:15CR00043-003<br>USM Number: 13120-028 |
| DAVID B. SMITHA, A/K/A "DICKY" | James Adrian Earhart<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 2

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§§1349 & 1343 | Conspiracy to Commit Wire Fraud | 5/31/2014 | 1 |
| 18§§ 1349 & 1341 | Conspiracy to Commit Mail Fraud | 5/31/2014 | 2 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

2/15/2017
Date of Imposition of Sentence:

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

2/17/2017
Date

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By Dina M. Doyle
Deputy Clerk

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **105 months on each count, concurrent.**

☒ The Court makes the following recommendations to the Bureau of Prisons: The defendant be evaluated for and, if deemed appropriate, participate in the intensive residential drug abuse treatment program. The defendant participate in any available educational or vocational training programs. The defendant be designated to FCI Greenville, Illinois.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY: _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on each count, concurrent.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below.

## CONDITIONS OF SUPERVISION

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

18. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

19. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

21. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment and substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment.

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

| Defendant | Date |

| U.S. Probation Officer/Designated Witness | Date |

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 |  | $1,317,314.48 |

☐ The determination of restitution is deferred until.  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Farmers Insurance | $184,505.20 | $184,505.20 | 1 |
| Geico | $236,779.26 | $236,779.26 | 1 |
| Insuremax | $141,061.87 | $141,061.87 | 1 |
| Shelter Insurance | $97,406.15 | $97,406.15 | 1 |
| St. Mary's Medical Center | $645,094.00 | $645,094.00 | 1 |
| Deaconess Hospital | $12,468.00 | $12,468.00 | 1 |
| **Totals** | 1,317,314.48 | 1,317,314.48 |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due
   ☐ not later than _____, or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☒  Payment to begin immediately (may be combined with ☐ C, ☐ D, ☒ F or ☒ G below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

**G**  ☒  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
  See attached

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

## JOINT AND SEVERAL

| CODEFENDANT | DOCKET NO. | VICTIM | TOTAL AMOUNT | JOINT & SEVERAL AMOUNT |
|---|---|---|---|---|
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Insuremax (07/08/2010) | $ 55,161.87 | $ 55,161.87 |
| Toni J. Wilson | 3:15CR00043-RLY-20 | | $ 55,161.87 | $ 55,161.87 |
| Theresa A. Frank | 3:15CR00043-RLY-35 | | $ 55,161.87 | $ 55,161.87 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Farmers Insuarance (10/05/2010) | $ 101,837.31 | $ 101,837.31 |
| Brooke N. Ewers | 3:15CR00043-RLY-19 | | $ 101,837.31 | $ 101,837.31 |
| Benjamin W. Widick | 3:15CR00043-RLY-22 | | $ 101,837.31 | $ 101,837.31 |
| Jamey L. Grant | 3:15CR00043-RLY-32 | | $ 101,837.31 | $ 101,837.31 |
| Ryan Maun | 3:15CR00043-RLY-33 | | $ 101,837.31 | $ 101,837.31 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Geico (01/12/2011) | $ 65,550.74 | $ 65,550.74 |
| Toni J. Wilson | 3:15CR00043-RLY-20 | | $ 65,550.74 | $ 65,550.74 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Shelter Insurance (09/27/2011) | $ 62,500.00 | $ 62,500.00 |
| Timothy P. Rice | 3:15CR00043-RLY-08 | | $ 62,500.00 | $ 62,500.00 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Insuremax (09/27/2011) | $ 50,000.00 | $ 50,000.00 |
| Timothy P. Rice | 3:15CR00043-RLY-08 | | $ 50,000.00 | $ 50,000.00 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Geico (11/27/2011) | $ 23,425.66 | $ 23,425.66 |
| Michael W. Burris, Jr. | 3:15CR00043-RLY-07 | | $ 23,425.66 | $ 23,425.66 |
| Ashley N. Hines | 3:15CR00043-RLY-27 | | $ 23,425.66 | $ 23,425.66 |
| Tiffany L. Bowen | 3:15CR00043-RLY-30 | | $ 23,425.66 | $ 23,425.66 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Farmers Insuarance (06/25/2012) | $ 82,667.89 | $ 82,667.89 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Geico (10/17/2012) | $ 52,205.65 | $ 52,205.65 |
| Amanda J. Carreno | 3:15CR00043-RLY-05 | | $ 52,205.65 | $ 52,205.65 |
| Timothy S. Ivy | 3:15CR00043-RLY-06 | | $ 52,205.65 | $ 52,205.65 |

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

| CODEFENDANT | DOCKET NO. | VICTIM | TOTAL AMOUNT | JOINT & SEVERAL AMOUNT |
|---|---|---|---|---|
| Lynn M. Smitha | 3:15CR00043-RLY-23 | | $ 52,205.65 | $ 52,205.65 |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Insuremax (06/16/2013) | $ 35,900.00 | $ 35,900.00 |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Geico (09/15/2013) | $ 45,207.79 | $ 45,207.79 |
| Amanda J. Carreno | 3:15CR00043-RLY-05 | | $ 45,207.79 | $ 45,207.79 |
| Timothy S. Ivy | 3:15CR00043-RLY-06 | | $ 45,207.79 | $ 45,207.79 |
| Dillion A. Williams | 3:15CR00043-RLY-17 | | $ 45,207.79 | $ 45,207.79 |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Shelter Insurance (01/04/2014) | $ 34,906.15 | $ 34,906.15 |
| Amanda J. Carreno | 3:15CR00043-RLY-05 | | $ 34,906.15 | $ 34,906.15 |
| Michael W. Burris, Jr. | 3:15CR00043-RLY-07 | | $ 34,906.15 | $ 34,906.15 |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Geico (03/25/2014) | $ 50,389.42 | $ 50,389.42 |
| Timothy P. Rice | 3:15CR00043-RLY-08 | | $ 50,389.42 | $ 50,389.42 |
| Shawn M. Wright | 3:15CR00043-RLY-09 | | $ 50,389.42 | $ 50,389.42 |
| Jordan T. Lawrence | 3:15CR00043-RLY-10 | | $ 50,389.42 | $ 50,389.42 |
| Joshua J. Norman | 3:15CR00043-RLY-11 | | $ 50,389.42 | $ 50,389.42 |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | St. Mary's Medical Center | $ 645,094.00 | $ 645,094.00 |
| Amanda J. Carreno | 3:15CR00043-RLY-05 | | $ 134,425.58 | $ 134,425.58 |
| Timothy S. Ivy | 3:15CR00043-RLY-06 | | $ 111,160.88 | $ 111,160.88 |
| Michael W. Burris, Jr. | 3:15CR00043-RLY-07 | | $ 62,092.30 | $ 62,092.30 |
| Timothy P. Rice | 3:15CR00043-RLY-08 | | $ 198,308.98 | $ 198,308.98 |
| Shawn M. Wright | 3:15CR00043-RLY-09 | | $ 43,440.88 | $ 43,440.88 |
| Jordan T. Lawrence | 3:15CR00043-RLY-10 | | $ 43,440.88 | $ 43,440.88 |
| Joshua J. Norman | 3:15CR00043-RLY-11 | | $ 43,440.88 | $ 43,440.88 |
| Dillion A. Williams | 3:15CR00043-RLY-17 | | $ 28,809.70 | $ 28,809.70 |
| Brooke N. Ewers | 3:15CR00043-RLY-19 | | $ 79,204.40 | $ 79,204.40 |
| Toni J. Wilson | 3:15CR00043-RLY-20 | | $ 94,259.96 | $ 94,259.96 |
| Benjamin W. Widick | 3:15CR00043-RLY-22 | | $ 79,204.40 | $ 79,204.40 |
| Lynn M. Smitha | 3:15CR00043-RLY-23 | | $ 82,351.18 | $ 82,351.18 |
| Ashley N. Hines | 3:15CR00043-RLY-27 | | $ 38,827.60 | $ 38,827.60 |
| Tiffany L. Bowen | 3:15CR00043-RLY-30 | | $ 38,827.60 | $ 38,827.60 |
| Jamey L. Grant | 3:15CR00043-RLY-32 | | $ 79,204.40 | $ 79,204.40 |

DEFENDANT: David B. Smitha a/k/a "Dicky"
CASE NUMBER: 3:15CR00043-003

| CODEFENDANT | DOCKET NO. | VICTIM | TOTAL AMOUNT | JOINT & SEVERAL AMOUNT |
|---|---|---|---|---|
| Ryan Maun | 3:15CR00043-RLY-33 | | $ 79,204.40 | $ 79,204.40 |
| Theresa A. Frank | 3:15CR00043-RLY-35 | | $ 30,668.10 | $ 30,668.10 |
| | | | | |
| Michael W. Burris, Sr. | 3:15CR00043-RLY-01 | Deaconess Hospital | $ 12,468.00 | $ 12,468.00 |
| Toni J. Wilson | 3:15CR00043-RLY-20 | | $ 12,468.00 | $ 12,468.00 |
| Theresa A. Frank | 3:15CR00043-RLY-35 | | $ 12,468.00 | $ 12,468.00 |